DEL SOLE, Judge,
concurring and dissenting.
While I agree with the result reached by my esteemed colleagues and the conclusion that Appellant did not deliberately reduce his income to avoid his obligation to support his child, I must dissent from the Majority’s interpretation of Rule 1910.16 — 5(c)(1) of the Pennsylvania Rules of Civil Procedure. The Majority opines that this Rule only applies “where an initial support order has already been entered and, because of some kind of a voluntary reduction of income since the entry of the initial order, the obligor now seeks to have his or her support ‘obligation recomputat[ed].’ ” This narrow rendering of 1910.16-5(c)(l) places too much emphasis on the term recomputation. Even if Rule 1910.16 — 5(c)(1) has only, thus far, been applied in cases where a party is seeking modification of a preexisting support order, that is no reason to preclude its application in cases where it is the first time that a support order is being entered.
Such reasoning implies that a person who already has a support order cannot voluntarily quit work to obtain a reduction in the support obligation; but, a person anticipating the *159 entry of the initial support order, can wilfully obtain a lower paying job to deliberately reduce the obligor’s income without being held to the previous higher earning capacity. The Majority primarily relies upon section (1) of Rule 1910.16 — 5(c); however, the trial court cited section (5) of Rule 1910.16-5(c) as well. Section (c)(5) states, in part:
Income potential. Ordinarily, a party who wilfully fails to obtain appropriate employment will be considered to have an income equal to the party’s earning capacity.
I think a more liberal construction of Rule 1910.16-5(c) is appropriate, and I would not limit its application as the Majority has today.